## BERTHELSON v. GABLER.

(Supreme Court, Appellate Division, Second Department.  January 26, 1906.)

1. MASTER AND SERVANT—NEGLIGENCE—INJURIES TO SERVANT—EMPLOYERS' LIABILITY ACT.

Under the express provisions of Laws 1902, p. 1748, c. 600, § 1, subd. 2 (Employers' Liability Act), where a scaffold fell as the result of the removal of a pier under the direction of a person in defendant's service exercising superintendence over the work, an employé injured by reason of the fall was not barred from maintaining an action for his injuries, on the ground that they were the result of negligence on the part of a fellow servant.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 546, 570.]

2. SAME—LABOR LAW—FURNISHING OF APPLIANCES.

Under Laws 1897, p. 467, c. 415, § 18 (Labor Law), providing that a person employing labor in the erection, etc., of a building shall not furnish for the performance of such labor unsafe scaffolding, etc.  A scaffolding built by a servant and his fellow carpenters, under the direction of the master's superintendent, was one furnished by the master, within the meaning of the section.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 175, 207.]

3. SAME—SAFE APPLIANCES—CONTINUING DUTY.

Under Laws 1897, p. 467, c. 415, § 18 (Labor Law), providing that a person employing labor of any kind in the erection of a house, etc., shall not furnish for the performance of the labor, unsafe scaffolding, etc., the obligation of the employer to furnish a safe scaffolding is a continuing one.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 171–177.]

4. SAME—QUESTIONS FOR JURY.

Under Laws 1897, p. 467, c. 415, § 18 (Labor Law), making it the duty of a master to furnish safe scaffolding for the performance of labor on a building, etc., whether a master complied with such duty was a question of fact for the jury, in an action for injuries to an employé, caused by the falling of a scaffolding.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 1024.]

**5. SAME—CONTRIBUTORY NEGLIGENCE.**

Under the express provisions of Laws 1902, p. 1750, c. 600, § 3 (Employers' Liability Act), the question of contributory negligence of a servant injured by reason of a defective appliance furnished by the master for the performance of work is a question of fact for the jury.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 1106–1109.]

**6. SAME.**

Under Laws 1902, p. 1750, c. 600, § 3 (Employers' Liability Act), providing that in an action by an employé for personal injuries, the fact that the employé continued in his service in the same place and course of employment after the discovery by such employé, or after he had been informed of, the danger of personal injury therefrom, shall not, as a matter of law, be considered as an assent by such employé to the existence or continuance of such risks of personal injury therefrom, or as negligence contributing to such injury, where an employé was injured by reason of the falling of a scaffold, caused by the removal of a pier partially supporting the same; the fact that he had heard an order given by a foreman to a fellow workman to remove the pier, and thereafter continued in the service, did not, as a matter of law, constitute contributory negligence on his part.

**7. SAME—RISKS ASSUMED BY SERVANT.**

An employé injured by the falling of a scaffold on which he was at work, caused by the removal of a pier supporting the same, was entitled, even after observing the removal of the pier, to assume that the employer had discharged his continuing duty to keep the scaffold safe, unless the omission so to do was obvious to the senses, or actually known to the employé.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 547–549, 675.]

Appeal from Trial Term, Kings County.

Action by Carl C. Berthelson against John C. Gabler. From an order setting aside a verdict for plaintiff and granting a new trial, plaintiff appeals. Reversed.

Argued before JENKS, HOOKER, RICH, and MILLER, JJ.

Bruce R. Duncan, for appellant.
Jacob Gordon, for respondent.

PER CURIAM: The plaintiff was injured by the fall of a scaffold upon which he was at work for the defendant. The scaffold was actually constructed by the plaintiff and his fellow workmen, all of whom were in the defendant's service. The evidence leaves no doubt that, as originally constructed, the scaffold was safe for the use of the persons employed upon it. The structure was rendered unsafe by the subsequent removal, in part or in whole, of a brick pier forming a portion of the building under repair. This brick pier gave some support to a joist which formed a part of the scaffold; and the removal of the pier, according to the testimony adduced in behalf of the plaintiff, and the fair inferences to be drawn therefrom, so weakened the scaffold as to cause it to fall. The pier was removed at the instance and by the direction of a person in the service of the employer intrusted with and exercising superintendence over the work, within the meaning of subdivision 2 of section 1 of the employers' liability act (chapter

600, p. 1748, of the Laws of 1902). Hence the plaintiff is not barred from maintaining the action, on the ground that his injuries were the result of negligence on the part of a fellow servant. Because of the fact that the scaffold was actually put up by the plaintiff and his fellow carpenters, the learned trial judge was of the opinion that it was not furnished by the defendant within the meaning of the labor law (Laws 1897, p. 467, c. 415, § 18). In reaching this conclusion, we think he adopted too narrow a view of the testimony given by the defendant's superintendent, which indicates that he gave directions as to the manner of its construction. The proof, as we look at it, tends to show that the defendant, in the first instance, discharged his absolute duty to furnish a safe scaffold. The obligation, however, was a continuing duty, and the principal question in the case was whether that duty was fulfilled during the entire period in which the scaffold was used. Walters v. Fuller Co., 74 App. Div. 388, 393, 77 N. Y. Supp. 681. This was a question of fact which the learned trial justice properly left to the jury. There was evidence sufficient to warrant their finding of negligence in this respect in the proof that the superintendent was present at the work after the scaffold was completed, and that he personally directed the removal of the old front of the building, in doing which the center pier, which partly supported the scaffold, had to be removed.

The question of contributory negligence was also properly submitted to the jury. See employers' liability act (Laws 1902, p. 1750, c. 600, § 3). It did not follow that the plaintiff was guilty of contributory negligence, as matter of law, because he had heard an order given by a foreman to a fellow workman to take down the pier. According to his testimony, he was away from the work for several hours, and did not notice that the pier had been removed when he returned to the scaffold, or until after he was hurt. Even if he had observed that the pier had been taken down, he was entitled to assume that the defendant had discharged his continuing duty to keep the scaffold safe, unless the defendant's omission to do so was obvious and patent to the senses, or actually known to him.

In view of the provisions of the labor law and of the employers' liability act, we are of, opinion that the plaintiff made out a case entitling him to go to the jury. We are unable to agree with the learned trial justice, that the verdict was against the weight of evidence, nor can we find any legal error, which will sustain the order for a new trial. That order should therefore be reversed, and the verdict should be reinstated.

Order reversed, with costs, and verdict reinstated, with costs.