George E. Duggan, Appellant, *v.* National Constructors & Engineers, Inc., and Another, Respondents.

First Department, March 23, 1928.

Negligence — persons liable — action for injuries suffered by plaintiff when ladder collapsed — plaintiff was employee of subcontractor, engaged in iron work — plaintiff was descending from sixteenth floor on ladder built by concrete subcontractor and placed in elevator shaft — iron work was completed to sixteenth floor — ladder was not safe — ladder was used by all employees working on building — said subcontractor owed duty to all employees whether its own or not who were permitted to use ladder and is liable for injuries (Labor Law, § 240) — general contractor had no knowledge of ladder and is not liable — general contractor cannot be held liable for failure to cover openings in elevator shaft (Labor Law, § 241; Building Code of City of New York, § 195).

The plaintiff, an employee of a subcontractor engaged on a building under construction in the erection of the iron work, was injured when a ladder on which

he was descending from the sixteenth floor collapsed and he fell to the thirteenth floor. The ladder was of very light construction and was made from scrap pieces. The subcontractor engaged in doing the concrete work, which made the ladder, is liable for the injuries suffered, since it appears that the ladder was used not only by its employees but also by the employees generally and especially by the employees engaged in the erection of the iron work, and that the only way for employees on the sixteenth floor to descend was by the ladders made by said subcontractor.

Where the nature of the construction and the commingling of employees in a common object at the time of the erection of a ladder requires it, a person who erects a ladder to be used in the performance of labor in the erection of a building has a duty incapable of delegation, not merely to his own employees, but to all others making use of the structure for that purpose, to make such instruments of performance safe.

In the situation in this case said subcontractor was bound to comply with the requirements of section 240 of the Labor Law to keep the ladder in proper condition for use and ought to be held to have foreseen or to have been obliged to foresee that the ladder would be used as the plaintiff did use it at the time of its collapse.

It follows that the question whether or not the ladder was properly constructed or whether it provided a safe and suitable means for performance of the work should have been submitted to the jury and it was error to dismiss the complaint.

The general contractor is not liable for the injuries suffered since it had no knowledge of the existence of the ladder nor control over it. Nor can it be held liable on the ground that it failed to cover the shaft opening under section 241 of the Labor Law and section 195 of the Building Code of the city of New York, for said sections except elevator shaft openings and furthermore they apply only to floors on which iron is being erected. In this case the erection of the iron had been completed as far as the eighteenth floor. Moreover, the failure to cover the shaft opening was not the proximate cause of the accident.

APPEALS by the plaintiff from two judgments of the Supreme Court, entered in the office of the clerk of the county of Bronx on the 2d and 9th days of April, 1927, respectively.

*Leonard F. Fish* of counsel [*George A. Grabow* with him on the brief; *Edward Gordon,* attorney], for the appellant.

*William G. Walsh* of counsel [*Walter G. Evans* with him on the brief; *Grattan B. Shults,* attorney], for the respondent National Constructors & Engineers, Inc.

*George F. Hickey* of counsel [*Alfred W. Andrews,* attorney], for the respondent Masten Construction Co., Inc.

McAVOY, J. The plaintiff was injured on April 28, 1924, while in the employ of the Al. Norton Company, a subcontractor for the construction of the iron work upon a building which was being erected at Seventy-second street and West End avenue, Manhattan. While plaintiff in the course of his employment was coming down from the sixteenth floor to the ground, a ladder upon which

he was descending from the fifteenth to the fourteenth floor collapsed and he fell from the fifteenth to the thirteenth floor, sustaining the injuries for which damages are sought.

The way of descent was described as a " made in a minute ladder " of seven-eighths of an inch by four-inch boards about fifteen feet in length. It was placed at an angle of forty-five degrees, and was not lashed at the top or bottom, nor made fast in any other manner. It was made out of thin wood and consisted of only two pieces of wood four inches in width and seven-eighths of an inch in thickness which extended thirteen feet from floor to floor. The rungs were made of scrap pieces, each rung being different from its supposed mates. These scrap rungs were nailed into the side pieces which plaintiff testified were only three-quarters of an inch thick. The ladder was standing in the elevator shaft which was about fourteen feet square. The construction of the ladder and the placing of it there was done by the defendant Masten Construction Co., Inc., which company was doing the concrete arch work for the floors. This ladder was used by its employees to go up and down between the fourteenth and fifteenth floors. It was used on the day before the accident and on the day of the accident. Plaintiff and the other iron workers employed by the Norton Company also used the ladder the day before the accident and on the morning of the accident when they went to work. Their job on the iron work was completed as far as the sixteenth floor, but the columns had been raised as high as the twentieth floor. These iron workers had two long ladders which would reach two stories at a time. These, however, were being used at the top of the building. These ladders, too, were unsuitable, and not intended for use in the place where the ladder from which plaintiff fell stood. As the iron construction was set, the Masten Company, for the purpose of installing the concrete arches, had erected its own ladders from floor to floor as the work went on, and these ladders were used by the employees of the contractor for the iron construction, in going up and down to and from their work. Other ladders that were made by the Masten Company were also used by all of the workmen above the tenth floor. Below the tenth floor stairways had been put in. The plaintiff and the other iron workers could climb down beams as far as the fifteenth floor. The only way to descend from the fifteenth floor was by the use of these ladders. There were no open beams upon which to climb down between the fifteenth and fourteenth floors, and it was thus necessary for the plaintiff and all other workmen to use the ladder constructed and erected by the Masten Construction Co., Inc.

The defendant National Constructors & Engineers, Inc., was the general contractor.

We think that the defendant Masten Company which constructed and erected this ladder was liable for injuries resulting to workmen who were in the course of their employment permitted to use the ladder for access to and departure from their work even though they were not employees of the Masten Company. These ladders, constructed by the Masten Company, were at the place in question the sole means of getting up and down through the building. The evidence indicates that it was the custom of the iron workers to climb up and down the beams where they were open and available, and then to use the ladders placed by the contractor installing the cement floors, down to the point at which the stairs were available.

The defendant Masten Company owed a duty to all the employees, whether its own or others rightfully on the premises, who used the ladder to the knowledge of the defendant or its superintendent in charge with its implied consent. An obligation under the circumstance here disclosed arises in an owner or contractor who erects a ladder to anticipate that it will be used by persons engaged in occupations in the construction of the structure but not in his employ. Where the nature of the construction and the commingling of the employees in a common object at the time of the erection of a ladder requires it, a person who constructs a scaffold or erects a ladder to be used in the performance of labor in the erection of a building has a duty incapable of delegation, not merely to his own employees, but to all others making use of the structure for that purpose, to make such instruments of performance safe. The mere fact that it was used by one not an employee of the defendant does not discharge the latter of liability where a duty exists of making a safe scaffold or ladder for use of employees in the performance of the work. In the situation here defendant ought to be held to have foreseen or to have been obliged to foresee that the ladder was to be used as plaintiff so used it at the time of its collapse. Defendant did nothing to prevent this use and was bound to comply with the requirements of the statute to keep it in proper condition for use. (See Labor Law, § 240.)

We think, therefore, that the question as to whether or not the ladder was properly constructed or whether it provided a safe and suitable means for performance of the work should have been submitted to the jury, and it was error to dismiss the complaint as to the Masten Construction Co., Inc.

The defendant National Constructors & Engineers, Inc., cannot be held negligent under the proof. This concern was a general

contractor on the building and did not supply, construct, own or control the ladder.   No proof is here that it knew of its existence.

The ground upon which appellant seeks to hold the National Constructors & Engineers, Inc., is that there was no covering over the shaft openings and that the ladder was in a shaft opening. As to this point, there was no duty in this defendant to plank the floor openings.   Section 195 of the Building Code of the City of New York, as contained in chapter 5 of the Code of Ordinances of the City of New York, and section 241 of the Labor Law each provides that the tier of iron or steel beams on which the structural iron or steel work is being erected, except such spaces as may be reasonably required for the proper construction of the iron or steel work, and for the raising or lowering of materials to be used in the construction of the building, or such spaces as may be designated by the approved plans for stairways and shafts, shall be thoroughly planked over.   This ordinance and statute each expressly excepts the covering over a stairway and shaft openings in a building. Since the ladder was in the shaft opening there was no duty to cover the opening.   Besides this section of the statute and of the ordinance each refers to the floors on which iron work is being erected, which in this case was the eighteenth to the twentieth floor, and, therefore, has no application.   However, the proximate cause of the accident was not the absence of planks or covers in the elevator shaftway on the fifteenth floor, and since the National Constructors & Engineers, Inc., did not furnish, own or control the ladder which plaintiff used and was not aware of its existence, it was not responsible for its condition.   This defendant did not interfere with the manner in which the work was being done and committed no act of affirmative negligence and thus cannot be held liable.

The judgment in favor of the National Constructors & Engineers, Inc., should be affirmed, with costs.   The judgment recovered by the Masten Construction Co., Inc., should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Judgment in favor of defendant National Constructors & Engineers, Inc., affirmed, with costs.   Judgment in favor of defendant Masten Construction Co., Inc., reversed, with costs.