■ JOSEPH REYES, Respondent, v FRANK SILFIES, Appellant.—Order unanimously reversed on the law without costs, motion granted and plaintiff's claims under Labor Law §§ 200 and 240 (1) dismissed. Memorandum: Defendant contends that the trial court erred in denying his motion for partial summary judgment seeking dismissal of plaintiff's Labor Law §§ 200 and 240 (1) claims. We agree. In support of his motion, defendant alleged that he did not direct or control the work that plaintiff performed at his home. Further, defendant submitted portions of plaintiff's examination before trial wherein plaintiff stated that although defendant told him

what work to be performed, he did not tell him how to perform the work. An exception is provided from the absolute liability imposed by Labor Law § 240 (1) for owners of one- and two-family dwellings who contract for work to be done on their homes, but who "do not direct or control the work". Since the record establishes that defendant contracted with plaintiff to perform work on his single-family dwelling, and did not direct plaintiff in the method or manner of the work to be performed, the homeowner's exception in Labor Law § 240 (1) is applicable (see, Sotire v Buchanan, 150 AD2d 971; Schwartz v Foley, 142 AD2d 635, lv denied 73 NY2d 702). Plaintiff's mere conclusory allegations that defendant directed or controlled his work are insufficient to defeat summary judgment (see, Freedman v Chemical Constr. Corp., 43 NY2d 260, 264).

Additionally, defendant's permission to plaintiff to use defendant's ladder does not constitute sufficient control or direction of plaintiff's work to require denial of summary judgment (see generally, Claytor v Wilmot & Cassidy, 44 AD2d 564, 565, affd 34 NY2d 992; cf., Galbraith v Pike & Son, 18 AD2d 39).

Likewise, plaintiff's Labor Law § 200 claim against defendant must also be dismissed. Labor Law § 200 codifies the common-law duty of owners and contractors to furnish a safe place to work (see, Allen v Cloutier Constr. Corp., 44 NY2d 290, 299). For an owner to be held liable under this section, a plaintiff must show that the owner supervised or controlled the work performed or that the owner had actual or constructive notice of the unsafe conditions that caused the accident (see, DaBolt v Bethlehem Steel Corp., 92 AD2d 70, 72). Since the record fails to establish that defendant exercised control over plaintiff's work or that he had knowledge of the unsafe conditions that caused the accident, plaintiff's Labor Law § 200 claim must be dismissed (see, Sotire v Buchanan, supra). (Appeal from order of Supreme Court, Monroe County, Willis, J.—partial summary judgment.) Present—Dillon, P. J., Callahan, Boomer, Green and Lawton, JJ.