■ NORBERT P. KOSTYJ, Appellant, v DARLYN BABIARZ et al., Respondents. (Appeal No. 1.) [624 NYS2d 708] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff was hired by defendants to paint their single-family residence. He was injured when the ladder on which he was standing

slipped and he fell to the ground. Plaintiff commenced this action seeking to impose liability pursuant to Labor Law § 240 (1). Supreme Court properly granted the cross motion of defendants for summary judgment dismissing the complaint upon the ground that they did not direct or control the manner or method of plaintiff's work and were exempt from liability under that statute.

The owner of a one- or two-family residence is not subject to liability under Labor Law § 240 (1) unless plaintiff can establish that the owner directed or controlled the manner or method of plaintiff's work (see, Reyes v Silfies, 168 AD2d 979, 980). An owner's conduct in furnishing materials, expressing dissatisfaction with the work, directing the plaintiff to redo certain work, performing some of the work, and in generally planning which area of the home should be painted on a particular day does not amount to direction and control of the plaintiff's work (see, Kolakowski v Feeney, 204 AD2d 693; Spinillo v Strober Long Is. Bldg. Material Ctrs., 192 AD2d 515; Sanna v Potter, 179 AD2d 982, lv denied 80 NY2d 758; Reyes v Silfies, supra). Plaintiff supplied the wooden ladder that he used. Although defendant Robert Babiarz painted a portion of the house earlier that day, he did not observe plaintiff move the ladder onto the blacktop driveway in front of the garage, and he was inside when plaintiff fell. His single act of telling plaintiff not to place the ladder on the driveway in front of the garage did not amount to the kind of continuous direction and control over the manner or method of work that would expose a homeowner to liability under section 240 (see, Pesa v Ginsberg, 186 AD2d 521; Sanna v Potter, supra). The conclusory allegation of plaintiff that defendants directed and controlled his work is insufficient to raise a factual issue (see, Spinillo v Strober Long Is. Bldg. Material Ctrs., supra; Reyes v Silfies, supra). (Appeal from Judgment of Supreme Court, Monroe County, Siracuse, J.—Summary Judgment.) Present— Denman, P. J., Green, Balio, Callahan and Boehm, JJ.