■ STEPHEN SAMUEL, Appellant, v MOHAMMAD KHALID, Respondent. [667 NYS2d 425] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Cusick, J.), entered December 4, 1996, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff is a handyman who was injured in a fall from a ladder while working at the defendant's home. The ladder slipped from its position, apparently due to an accumulation of water at its base. The water had accumulated because the plaintiff used a hose to clear the roof of what was described as "residue and dead bugs".

We agree with the Supreme Court that the homeowner's exemption applies so as to obviate any possible liability pursuant to Labor Law § 240 (1) and § 241 (6). When asked at his deposition what, if anything, the defendant told him concerning the cleaning of the roof, the plaintiff replied, "nothing special". To the extent that the plaintiff's affidavit in opposition contradicts this sworn assertion, it may properly be disregarded (*see, Califano v Campaniello,* 243 AD2d 528). The remainder of the plaintiff's submissions failed to demonstrate the existence

of a triable issue of fact as to whether the defendant so "directed" or "controlled" his work as to remove this case from the scope of the homeowner's exemption (*see,* Labor Law § 240 [1]; § 241 [6]; *see also, Kostyj v Babiarz,* 212 AD2d 1010; *Stephens v Tucker,* 184 AD2d 828).

We have examined the plaintiff's remaining contentions, and find them to be without merit. Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.