■ BIAGGIO PISTORIO et al., Appellants, v MARK PISTORIO, Respondent and Third-Party Plaintiff. RON SCHAFFER et al., Doing Business as REGIONAL MASON CONTRACTORS, Third-Party Defendants-Respondents, et al., Third-Party Defendant. [677 NYS2d 925] —Judgment and order unanimously affirmed without costs. Memorandum: Biaggio Pistorio (plaintiff) was injured when he fell from scaffolding while installing a soffit at the one-family residence owned by defendant. Supreme Court properly granted defendant's motion for a directed verdict on the cause of action alleging a violation of Labor Law § 240 (1) and § 241 (6). Defendant established his entitlement to the exemption from liability for "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]; § 241 [6]), and plaintiffs failed to raise an issue of fact whether defendant directed or controlled the manner or method of work of those subcontractors, including plaintiff, that he employed to work on his home (see, Kostyj v Babiarz, 212 AD2d 1010; Reyes v Silfies, 168 AD2d 979).

The court also properly granted defendant's motion for a directed verdict with respect to the causes of action for common-law negligence and a violation of Labor Law § 200. The undisputed facts establish that defendant did not exercise control over plaintiff's work, and plaintiffs failed to raise an issue of fact whether defendant had actual or constructive knowledge of the alleged unsafe condition on the scaffolding that had been supplied and used by the masonry and bricklaying subcontractor (see, Reyes v Silfies, supra, at 980). (Appeal from Judgment and Order of Supreme Court, Erie County, Michalek, J.—Negligence.) Present—Denman, P. J., Pine, Wisner, Balio and Fallon, JJ.