■ RALPH S. TOMLINS, Respondent-Appellant, v SILTONE BUILDING CO., INC., et al., Appellants, and HERBERT CHIRICO et al., Respondents, et al., Defendants. [699 NYS2d 854] —Order affirmed without costs. Memorandum: Supreme Court properly granted the motion of defendants Herbert Chirico and Lisa Chirico for summary judgment dismissing the complaint, cross claims and counterclaims against them. The record establishes that they were "owners" of the one-family dwelling under construction within the meaning of Labor Law § 240 (1) and § 241 (6) when plaintiff was injured (see, Reyes v Silfies, 168 AD2d 979, 980; DeFreece v Penny Bag, 137 AD2d 744), and thus are not subject to liability under those sections unless they directed or controlled the manner or method of plaintiff's work (see, Reyes v Silfies, supra, at 980). Here, the Chiricos' involvement in the project "did not amount to the kind of continuous direction and control over the manner or method of work that would expose a homeowner to liability" under those sections (Kostyj v Babiarz, 212 AD2d 1010, 1011; see, Lieberth v Walden, 223 AD2d 978, 979-980; Stephens v Tucker, 184 AD2d 828, 829). Furthermore, the record fails to establish any negligence by the Chiricos to support the common-law negligence or Labor Law § 200 claims.

The court also properly denied the motion of defendant Siltone Building Co., Inc. and the cross motion of defendant Robert W. Weaver seeking summary judgment dismissing the Labor Law § 240 (1) cause of action against them. Plaintiff raised a triable issue of fact whether he was employed in connection with the home construction project (cf., Gibson v Worthington Div., 78 NY2d 1108; Mordkofsky v V.C.V. Dev. Corp., 76 NY2d 573). Plaintiff was injured when he fell approximately eight feet after stepping on and dislodging a sheet of particle board. The board had been placed over the cement-walled foundation excavation under the front porch but was not attached to the foundation. The porch is part of the structure, and the particle board was a "platform" or the functional equivalent of a "scaffold" within Labor Law § 240 (1). Thus, plaintiff was injured in a fall from an elevated worksite (see, Becerra v City of New York, 261 AD2d 188; Craft v Clark Trading Corp., 257 AD2d 886, 887-888; Robertti v Chang, 227 AD2d 542, lv dismissed 88 NY2d 1064).

All concur except Lawton and Balio, JJ., who dissent in part and vote to modify in the following Memorandum.

Lawton and Balio, JJ. (dissenting in part). We respectfully dissent in part because, contrary to the majority, we conclude that Supreme Court erred in failing to dismiss the Labor Law § 240 (1) cause of action. The record establishes that plaintiff was on the first floor of a house under construction when he exited the front door. Upon exiting the house, plaintiff walked across a particle board placed over an area where excavation work had been performed. When plaintiff walked across the board, it shifted and collapsed, causing him to fall eight feet to the ground. Even if plaintiff were working at the time of the accident, he nevertheless was not entitled to the protection of Labor Law § 240 (1). Because plaintiff "was not performing any task at an elevated worksite and was not exposed to the type of hazard that the use or placement of the safety devices enumerated in Labor Law § 240 (1) was designed to protect against", the Labor Law § 240 (1) cause of action cannot be sustained (*Radka v Miller Brewing*, 182 AD2d 1111, 1111-1112; *see, Ozzimo v H.E.S., Inc.*, 249 AD2d 912, 914; *Bradshaw v National Structures*, 249 AD2d 921; *Riley v Stickl Constr. Co.*, 242 AD2d 936). Consequently, we would modify the order by dismissing the Labor Law § 240 (1) cause of action. (Appeals from Order of Supreme Court, Erie County, Mahoney, J.— Summary Judgment.) Present—Green, J. P., Lawton, Wisner, Hurlbutt and Balio, JJ.