■ Robert Schultz et al., Appellants, v Thomas Noeller et al., Respondents, et al., Defendant. [783 NYS2d 185]—

Appeal from an order of the Supreme Court, Erie County (David J. Mahoney, J.), entered May 27, 2003. The order granted the motion of defendants Thomas Noeller and Elizabeth Noeller for summary judgment dismissing the complaint and cross claims against them and denied plaintiffs' cross motion for partial summary judgment on liability pursuant to Labor Law § 240 (1).

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this Labor Law and negligence action to recover damages for injuries sustained by Robert Schultz (plaintiff) when the stepladder on which he was

standing while performing electrical work "tipped," causing him to fall to the floor. Thomas Noeller and Elizabeth Noeller (defendants) moved for summary judgment dismissing the complaint and "all cross claims" against them, contending with respect to the claims under Labor Law § 240 (1) and § 241 (6) that they are entitled to summary judgment dismissing those claims based on the homeowner exemption, and plaintiffs cross-moved for partial summary judgment on liability under Labor Law § 240 (1). Supreme Court granted defendants' motion in its entirety and denied plaintiffs' cross motion. On appeal plaintiffs contend only that the court erred in determining that the homeowner exemption applies to defendants and erred in denying their cross motion. Plaintiffs therefore have abandoned their appeal with respect to the propriety of the court's dismissal of the remainder of the complaint against defendants, i.e., the Labor Law § 200 claim and negligence causes of action (*see Ciesinski v Town of Aurora,* 202 AD2d 984 [1994]).

Labor Law § 240 (1) and § 241 (6) require "[a]ll contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work," to comply with certain safety requirements when constructing a building. Defendants are the owners of the newly-constructed one-family dwelling where plaintiff was working and are thus entitled to the homeowner exemption because they neither directed nor controlled plaintiff's work (*see Soskin v Scharff,* 309 AD2d 1102, 1104 [2003]; *Angelucci v Sands,* 297 AD2d 764, 766 [2002]; *Kostyj v Babiarz,* 212 AD2d 1010 [1995]). " 'Whether an owner's conduct amounts to directing or controlling depends upon the degree of supervision exercised over the method and manner in which the work is performed' " (*Gambee v Dunford,* 270 AD2d 809, 810 [2000], quoting *Ennis v Hayes,* 152 AD2d 914, 915 [1989]). Here, defendants met their burden of establishing that they did not exercise any supervision over the method or manner of plaintiff's work by submitting the deposition testimony of plaintiff wherein he admitted that the involvement of defendants was limited to directing where they wanted electrical outlets and switches positioned. Plaintiff further admitted that defendants did not tell him how to perform his work. Plaintiffs failed to raise a triable issue of fact in opposition to defendants' motion (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]), and thus we affirm the order. Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.