■ ROGER CARROW, Appellant, v STEPHEN BOGARD, Respondent. [894 NYS2d 275]—

Appeal from an order of the Supreme Court, Erie County (Shirley Troutman, A.J.), entered October 7, 2008 in a personal injury action. The order granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while erecting trusses on a pole barn being constructed on residential property owned by defendant. Defendant hired

plaintiff to erect the trusses, and it is undisputed that defendant provided no direction or instructions with respect to the manner in which the work was to be performed. On the day of the accident, defendant was out of town on a fishing trip, and plaintiff and his crew made all decisions while erecting the trusses. The accident occurred when plaintiff erroneously cut the main supports for the trusses, causing them to collapse.

We conclude that Supreme Court properly granted those parts of defendant's motion for summary judgment dismissing the Labor Law causes of action, alleging violations of Labor Law § 240 (1) and § 241 (6). Contrary to plaintiff's contention, the homeowner exemption contained in those statutes applies to preclude liability against defendant inasmuch as he falls within the exemption for " 'owners of one and two-family dwellings who contract for but do not direct or control the work' " (*Bartoo v Buell*, 87 NY2d 362, 367 [1996]; *see generally Schultz v Noeller*, 11 AD3d 964 [2004]). Here, defendant established that he did not direct or control " 'the method and manner in which the work [was] performed' " (*Gambee v Dunford*, 270 AD2d 809, 810 [2000]; *see Miller v Shah*, 3 AD3d 521, 522 [2004]; *Soskin v Scharff*, 309 AD2d 1102, 1104 [2003]; *Kostyj v Babiarz*, 212 AD2d 1010 [1995]), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We further conclude that the court properly granted that part of the motion seeking summary judgment dismissing the common-law negligence cause of action. Defendant established that he did not have authority to control the injury-producing work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Farrell v Okeic*, 266 AD2d 892 [1999]; *see generally Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562).

In view of our determination, we do not address plaintiff's remaining contentions. Present—Scudder, P.J., Centra, Fahey, Carni and Pine, JJ.