Bund v Higgins (2018 NY Slip Op 04897)





Bund v Higgins


2018 NY Slip Op 04897


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND WINSLOW, JJ.


774 CA 18-00097

[*1]RONALD BUND, PLAINTIFF-RESPONDENT,
v
DAVID P. HIGGINS, LINDA M. HIGGINS, DEFENDANTS-APPELLANTS, AND RAYMOND M. DEVORE, DOING BUSINESS AS RAY DEVORE PROFESSIONAL ROOFING SERVICE, DEFENDANT-RESPONDENT. 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (KATE L. HARTMAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.
LAW OFFICE OF JOSEPH G. MAKOWSKI, LLC, BUFFALO (JOSEPH G. MAKOWSKI OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Paul Wojtaszek, J.), entered September 22, 2017. The order, insofar as appealed from, denied the amended motion of defendants David P. Higgins and Linda M. Higgins for summary judgment dismissing the complaint against them. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the amended motion is granted, and the complaint is dismissed against defendants David P. Higgins and Linda M. Higgins.
Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained when he fell from a roof. Plaintiff was working as an independent contractor for defendant Raymond M. Devore, doing business as Ray Devore Professional Roofing Service (Devore), who was hired by David P. Higgins and Linda M. Higgins (defendants) to install a roof on their newly constructed, single-family home. Defendants filed an amended motion for summary judgment dismissing the complaint against them, and they now appeal from an order that, inter alia, denied that motion.
We agree with defendants that Supreme Court erred in denying their amended motion with respect to the Labor Law §§ 240 (1) and 241 (6) claims. As the owners of a one-family dwelling who contracted for but did not direct or control the work, defendants are exempt from liability under Labor Law §§ 240 and 241 (see generally Bartoo v Buell, 87 NY2d 362, 367-368 [1996]; Luthringer v Luthringer, 59 AD3d 1028, 1029 [4th Dept 2009]). "Whether an owner's conduct amounts to directing or controlling the work depends upon the degree of supervision exercised over the method and manner in which the work is performed" (Ennis v Hayes, 152 AD2d 914, 915 [4th Dept 1989]; see Ferrero v Best Modular Homes, Inc., 33 AD3d 847, 849 [2d Dept 2006], lv dismissed 8 NY3d 841 [2007]; Schultz v Noeller, 11 AD3d 964, 965 [4th Dept 2004]). Here, although defendants acted as general contractors on the construction of their home by obtaining the necessary permits, purchasing roofing materials, and hiring contractors to perform the construction work, defendants met their initial burden of demonstrating that they did not supervise or control the method or manner of plaintiff's work (see McNabb v Oot Bros., Inc., 64 AD3d 1237, 1239 [4th Dept 2009]). Specifically, defendants submitted their own deposition testimony establishing that they did not perform any of the construction work or provide any of the equipment or tools used in the construction, and that they were not present at the site when [*2]plaintiff performed the roofing work. Defendants also submitted the deposition testimony of Devore, who stated that he was responsible for the safety of his workers, and the deposition testimony of plaintiff, who admitted that he had never met defendants. In opposition to defendants' motion, plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We also conclude that the court erred in denying the amended motion with respect to the common-law negligence cause of action and Labor Law § 200 claim. "Where[, as here,] the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]). As noted, defendants established as a matter of law that they neither supervised nor controlled plaintiff's work. Thus, defendants met their initial burden with respect to the common-law negligence cause of action and the Labor Law § 200 claim, and plaintiff failed to raise a triable issue of fact in opposition (see Knab v Robertson, 155 AD3d 1565, 1566 [4th Dept 2017]). We therefore reverse the order insofar as appealed from, grant the amended motion, and dismiss the complaint against defendants.
In light of our determination, we do not consider defendants' alternative contention. 
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court