DiNieri v Schimmelpennick (2024 NY Slip Op 05660)

DiNieri v Schimmelpennick

2024 NY Slip Op 05660

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, GREENWOOD, AND KEANE, JJ.

564 CA 23-01563

[*1]MICHAEL DINIERI, PLAINTIFF-APPELLANT,
v
NICHOLAS D. SCHIMMELPENNICK, MEGHAN R. SCHIMMELPENNICK, DEFENDANTS-RESPONDENTS, ET AL., DEFENDANT. 

DIFILIPPO, FLAHERTY & STEINHAUS, PLLC, EAST AURORA (ROBERT D. STEINHAUS OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
BENNETT SCHECHTER ARCURI & WILL LLP, BUFFALO (DANIEL T. HUNTER OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Niagara County (Edward Pace, J.), dated August 21, 2023. The order granted the motion of defendants Nicholas D. Schimmelpennick and Meghan R. Schimmelpennick for summary judgment dismissing the amended complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this common-law negligence and Labor Law action seeking damages for injuries he sustained when the scaffolding on which he was standing collapsed while he was working on the construction of an addition to a single-family home owned and occupied by Nicholas D. Schimmelpennick and Meghan R. Schimmelpennick (collectively, defendants). Defendants moved for summary judgment dismissing the amended complaint against them. Supreme Court granted the motion, and plaintiff appeals. We affirm.
Plaintiff contends that the court erred in granting that part of the motion with respect to his claims under Labor Law §§ 240 (1) and 241 (6). In particular, plaintiff contends that defendants failed to meet their initial burden on the motion of demonstrating that the homeowner exemption applies to them and that, even if they did, he raised a triable issue of fact whether the exemption applies. We reject that contention.
Labor Law §§ 240 (1) and 241 (6) exempt from liability owners of one- and two-family dwellings who contract for but do not direct or control the work (see Fawcett v Stearns, 142 AD3d 1377, 1377 [4th Dept 2016]). " 'Whether an owner's conduct amounts to directing or controlling depends upon the degree of supervision exercised over the method and manner in which the work is performed' " (Gambee v Dunford, 270 AD2d 809, 810 [4th Dept 2000]; see Ennis v Hayes, 152 AD2d 914, 915 [4th Dept 1989]). The existence of both residential and commercial uses on a property does not automatically disqualify a dwelling owner from invoking the exemption (see Fawcett, 142 AD3d at 1378). Here, we conclude that defendants met their initial burden of establishing the applicability of the homeowner exemption. Defendants' submissions in support of their motion established that they are the owners of the one-family dwelling where plaintiff was working, that they neither directed nor controlled plaintiff's work, and that the home had no commercial purpose (see id.; Kostyj v Babiarz, 212 AD2d 1010, 1011 [4th Dept 1995]). In opposition, plaintiff failed to raise a triable issue of fact whether defendants directed or controlled his work or whether the premises was being operated exclusively for commercial purposes (see Fawcett, 142 AD3d at 1379; Samuel v Khalid, 246 AD2d 523, 523-524 [2d Dept 1998]).
To the extent that plaintiff contends that the court erred in granting that part of the motion with respect to his common-law negligence cause of action and his Labor Law § 200 claim, we reject that contention. Defendants met their initial burden of demonstrating that they exercised no supervisory control over the injury-producing work and that the accident arose from plaintiff's methods and manner of work (see Lombardi v Stout, 80 NY2d 290, 295 [1992]; Gillis v Brown, 133 AD3d 1374, 1376 [4th Dept 2015]), and plaintiff failed to raise a triable issue of fact in opposition.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court