OPINION OF THE COURT
Parker J. Stone, J.
The parties have made motions for summary judgment with respect to the second cause of action in this personal injury action wherein plaintiff seeks to recover for injuries sustained when he fell from the roof of a barn on defendant’s property while engaged in painting the roof with third-party defendant *945 Richard Thousand who had been employed by defendant to paint the roof. The fall occurred when plaintiff’s safety line, which was attached to the peak of the roof, became dislodged.
The cause of action to which the motions are addressed alleges that: "[t]he defendant was guilty of negligence for failing to provide the plaintiff with a safe place to work in violation of the Labor Law of the State of New York, and in particular Sections 200, 240, 240 sub. 1, 241 and 241 sub. 6, as well as the New York Codes, Rules and Regulations.”
The arguments of the parties, however, are directed principally to the alleged violation of section 240 of the Labor Law and, more specifically, subdivision (1) of that section which provides: "All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.” Asserting that no safety devices had been provided at the work site, plaintiff moved for summary judgment contending that because it was not defendant’s house on which plaintiff was working when he fell defendant cannot take advantage of the statutory exception for owners of one- and-two-family dwellings and in any event, that defendant, as a matter of law, had assumed direction and control of the work such that liability under section 240 cannot be escaped. Taking a contrary position on both propositions, defendant cross-moved for summary judgment in her favor on the basis of the exception in section 240.
The exception in favor of one-and-two-family dwelling owners from the absolute liability imposed by the statute came into existence together with a similar exception in Labor Law § 241 by the enactment of Laws of 1980 (ch 670) upon recommendation of the New York State Law Revision Commission. The basis for the amendment is set out in the Commission’s 1980 report to the Legislature (1980 NY Legis Doc No. 65 [F], 1980 McKinney’s Session Laws of NY, at 1658-1661). After observing that the Court of Appeals had imposed the statutory liability of both sections 240 and 241 of the Labor Law on owners of property despite the absence of direction or control of the work by them, the Commission stated (op. cit., at 1658): *946 "The Commission believes that while the rule of strict liability has a salutary effect in promoting responsibility among those engaged in the business of construction and repair, and to owners of buildings other than one and two family dwellings, it should not apply to owners of one and two family homes who are not in a position to know about, or provide for the responsibilities of absolute liability.” And again (supra, at 1659-1660):
"The Commission believes that an exemption for one and two family dwelling owners is needed. * * * [T]he theory of dominance of the owner over the subcontractor or worker breaks down at this level. Direction and control by such an owner should be required for the imposition of strict liability. It is unrealistic to expect such an owner to realize, understand and insure against the responsibility sections 240 and 241 now place upon him. He ought to be secure in the thought that since he has nothing to do with the job he cannot be held strictly liable. * * *
"In short, owners of one and two family dwellings cannot be expected to be in a position, as respects the work, which is dominant over that of the person doing the work, either under the worker’s own direction and control, or the direction and control of a contractor or subcontractor employer. This should be true even in the extreme case where the injured worker is a self-employed, self-proclaimed 'contractor’ without insurance.”
In light of this evidence of the purpose to be served by the exception written into both sections 240 and 241 — to exclude owners of one-and-two-family residences from the responsibility to provide safe working conditions deemed appropriate for owners of commercial property and those engaged in building construction and repair — this court has no hesitation in finding the exception applicable not merely to a one- or two-family residence itself but to other ancillary buildings on the residential property or close, the use of which is incidental to the dwelling house and not related to commercial purposes. Moreover, had the Legislature intended to grant an exception to the residence only as opposed to the property owner, it could have easily done so. Unquestionably, a garage physically attached to a dwelling and used for storage of personal vehicles of the dwelling’s residents would come within the exception of section 240; no reason appears why the result would or should be different if the garage were a separate, freestanding building. So, too, the barn located near defendant’s house and *947 used for noncommercial vehicular and furniture storage is within the class of structures to which the exception relates.
By the terms of the statute, however, defendant still would not be entitled to the exception if, as plaintiff contends, defendant directed or controlled the work being done by plaintiff and Thousand. The evidence most favorable to plaintiff contained in the examinations before trial submitted in support of his motion for summary judgment fails to establish that this was the case and, as a matter of law, demonstrates quite the contrary. Testimony of plaintiff and his co-worker Thousand reveals that it was Thousand who was engaged by defendant to paint the roof of the barn for the sum of $150 and it was he alone with whom defendant had her conversations about the work. After Thousand had worked on the job alone for some days, defendant saw that Thousand had plaintiff as a helper the day plaintiff joined him in painting, but she never talked to plaintiff. Defendant gave Thousand the money to purchase the paint for the job, told him that there were ladders and a safety hookup in the barn (also referred to by both plaintiff and Thousand as the garage) and told him that a painter who had previously painted the barn had attached a safety rope to the peak of the barn and had worn cleats on his shoes, both of which she recommended that Thousand use. She gave no other information and no direction to Thousand concerning the work. Thousand used a ladder, safety belt and brushes which were in the barn. Plaintiff brought and used his own safety belt. Thousand made no report of plaintiff’s fall to defendant, did not thereafter complete the work and had no conversation with defendant until about a month after the accident.
Contrary to plaintiff’s contention, the foregoing proof is not sufficient to establish that defendant directed or controlled the work that plaintiff was doing when he was injured such that she is precluded from claiming exemption from the strict liability imposed by section 240 of the Labor Law. All that is demonstrated is that defendant supplied the paint and made available a ladder, safety belt and brushes. She gave no specifications as to the time when, or the manner in which, the painting was to be done, leaving this to be decided by Thousand, the person she had employed to do the work. Thousand felt no responsibility to consult with defendant when he decided to involve plaintiff midway through the project, nor did he deem it his obligation to report to defendant the accident which befell plaintiff. The evidence leads *948 inescapably to the conclusion that defendant exercised no direction or control over the painting for the purpose of section 240 of the Labor Law, leaving these matters to Thousand with whom she had contracted to have the work done. Defendant is therefore entitled to summary judgment dismissing that portion of the second cause of action alleging a violation of section 240 of the Labor Law.
Because section 241 of the Labor Law, also included in the second cause of action, contains the same exception for owners of one- or two-family dwellings, the foregoing conclusions likewise require a dismissal of the portion of the second cause of action predicated on a violation of that section and the rules and regulations adopted pursuant to subdivision (6) of that section.
For the reasons stated, plaintiffs motion for summary judgment is denied and defendant’s motion for summary judgment is granted to the extent of dismissing so much of the second cause of action as alleges violation of Labor Law §§ 240, 240 (1); §§ 241, 241 (6) and of the New York Codes, Rules and Regulations.