■ Paul Schwartz et al., Appellants, v Carol Foley, Respondent.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Nelson, J.), dated November 17, 1987, which, upon granting the defendant's motion for summary judgment dismissing the complaint and denying the plaintiffs' cross motion for partial summary judgment in an order of the same court, dated October 14, 1987, is in favor of the defendant and against them. The plaintiffs' notice of appeal from the order of the same court dated October 14, 1987, is deemed a premature notice of appeal from the judgment (CPLR 5520 [c]).

Ordered that the judgment is affirmed, with costs.

The plaintiff Paul Schwartz, a self-employed painter, was hired by the defendant to paint the exterior of the defendant's one-family residence in Suffern, New York, which was in the process of being renovated. Mr. Schwartz used all of his own materials and provided the necessary equipment to complete

the paint job. On May 3, 1986, the scaffolding, which Mr. Schwartz had rented and erected on the west side of the defendant's residence, collapsed, causing Mr. Schwartz to fall and sustain personal injuries.

Thereafter, Mr. Schwartz and his wife commenced the instant action claiming that the defendant violated the absolute liability provision of Labor Law § 240 (1). That statutory provision provides, *inter alia:* "1. All contractors and owners and their agents, *except owners of one and two-family dwellings who contract for but do not direct or control the work,* in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed" (emphasis supplied).

The Supreme Court, upon the defendant's motion, granted the defendant summary judgment dismissing the complaint on the basis that the defendant fell within the exception of the aforesaid statutory provision which applies to "owners of one and two-family dwellings who contract for but do not direct or control the work". We agree with the Supreme Court's determination and accordingly affirm.

The record herein clearly establishes that the defendant did not direct or control the painting being performed by Mr. Schwartz on her residence and thus cannot be held liable for Mr. Schwartz's injuries under Labor Law § 240 (1). The defendant's involvement in Mr. Schwartz's work performance was minimal and merely involved her decision as to what portion of the premises was to be painted and what color paint was to be utilized. The defendant did not in any way supervise the method and manner of Mr. Schwartz's work nor did she supply or direct Mr. Schwartz to use scaffolding in performance of his work *(see, Bruto v Herman & Assocs.,* 64 AD2d 844, *affd* 47 NY2d 941; *Duda v Rouse Constr. Corp.,* 32 NY2d 405). We agree with the Supreme Court's reasoning that the defendant's control over Mr. Schwartz's work was no different than the type of control any homeowner has over work being done in his or her home. Clearly then, under the facts of this case, the exception contained in Labor Law § 240 (1) is applicable to the defendant and summary judgment dismissing the complaint was properly granted *(see, Blackwood v Chemical Corn Exch. Bank,* 4 AD2d 656).

Finally, we reject Mr. Schwartz's contention that the defen-

dant is not protected by the exception in Labor Law § 240 (1) because she did not "contract for" Mr. Schwartz's work through a general contractor. Contrary to Mr. Schwartz's position, the statute does not include a requirement that a homeowner hire a general contractor to avoid personal liability under the statute. In fact, the very purpose of the statutory exception, to wit, to protect homeowners who do not "direct or control" the work from liability for injuries arising therefrom, would be defeated if the statute were construed to include such a requirement. Mollen, P. J., Thompson, Rubin and Sullivan, JJ., concur.