■ RIKKI SOTIRE et al., Appellants, v MICHAEL BUCHANAN, Respondent, and GARY LEVY et al., Appellants. (And a Third-Party Action.)—Casey, J. P. Appeal from an order of the Supreme Court (Cobb, J.), entered June 27, 1988 in Greene County, which granted defendant Michael Buchanan's motion for summary judgment dismissing the complaint against him.

Defendant Michael Buchanan is the owner of a single-family residence where plaintiffs Rikki Sotire and Edward Lynch were performing certain exterior work on behalf of their employer, Ferdinand C. Scaglione. On October 1, 1982, the pump-jack type scaffolding that Sotire and Lynch were using collapsed, causing serious injuries to both Sotire and Lynch (hereinafter collectively referred to as plaintiffs). In their complaint against Buchanan, plaintiffs asserted causes of action based upon Labor Law §§ 200 and 240 (1) and common-law negligence. Upon Buchanan's motion for summary judgment, Supreme Court held that Buchanan could be liable only if he had actual or constructive knowledge of the defect in the scaffolding or if he had directed or controlled the work. Based upon the evidentiary material submitted by the parties upon Buchanan's motion, Supreme Court concluded that there was no question of fact on either the issue of Buchanan's knowledge or his direction or control of the work. Accordingly, the court granted the motion and dismissed the complaint against Buchanan. We affirm.

As to plaintiffs' claims based upon negligence and Labor Law § 200, which are substantially the same *(Simon v Schenectady N. Congregation of Jehovah's Witnesses,* 132 AD2d 313, 315-316), the only claim of negligence is that Buchanan was aware of the unsafe condition of the scaffolding and failed to take reasonable steps based upon this knowledge. The only evidence relevant to this issue is Buchanan's testimony that when the scaffolding was first erected at the site he did not like its appearance because he thought scaffolding should be a metal structure, while the pump-jack type scaffolding used wooden uprights and bracing. Scaglione testified that Buchanan questioned him about the scaffolding and that he told

Buchanan that the pump-jack type was the proper scaffolding to use for the type of work being done. In our view, this evidence is insufficient to show any knowledge of a defective condition on the part of Buchanan.

Turning to plaintiffs' claim based upon Labor Law § 240 (1), the statute specifically provides that the nondelegable duty created therein does not apply to the owner of a single-family residence who does not direct or control the work. There is ample evidence that Buchanan was involved in the work to a certain degree. He had no written contract with Scaglione. Instead, they had a "loose arrangement" as to the work to be done. When Scaglione first arrived at the jobsite, he and Buchanan walked through the house and made lists of what was to be done. Thereafter, Buchanan, who visited the house on weekends, would leave written notes indicating changes, additions or deletions in the work. There is, however, no evidence in the record that Buchanan supervised, directed or controlled Scaglione or his employees, including plaintiffs, in the method or manner of their work. Nor did Buchanan supply the scaffolding or direct that it be used. We agree with Supreme Court that Buchanan's involvement in the work was no more extensive than would be expected of the ordinary homeowner who hires a contractor to remodel or renovate his home. In these circumstances, the homeowner's exception in Labor Law § 240 (1) is applicable as a matter of law (see, Schwartz v Foley, 142 AD2d 635, lv denied, 73 NY2d 702). Accordingly, Supreme Court's order granting Buchanan's motion for summary judgment should be affirmed.

Order affirmed, with costs against appellants filing briefs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.