OPINION OF THE COURT
Peter Dounias, J.
Third-party defendant, J and N Lombardo, Inc., was employed by defendant, Barry Asher, to construct the latter’s one-family residence in South Setauket. Plaintiff, Michael C. Sheridan, a carpenter employed by third-party defendant, was injured when he fell through an allegedly unguarded stairwell between floors during the construction. Plaintiff commenced this action against the defendant owner alleging negligence and seeking to hold defendant strictly liable pursuant to the Labor Law. Defendant now moves for summary judgment dismissing the complaint.
The basis for defendant’s motion is the exclusion contained in section 241 of the Labor Law, which provides in pertinent part:
"All contractors and owners and their agents, except owners of one and two-family dwellings who contract for but do not direct or control the work, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements * * *
"6. All areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places” (emphasis added).
Owners of one- and two-family dwellings who contract for but do not direct or control the work are expressly excluded from the imposition of absolute liability for a violation of this section (see, Maher v Atlas Tr. Mix Corp., 104 AD2d 591).
Plaintiff argues in opposition, however, that he seeks to impose absolute liability upon defendant not under section 241, but rather under section 241-a. This section, which does not explicitly contain the exclusion found in section 241, *938 provides, "Any men working in or at elevator shaftways, hatchways and stairwells of buildings in course of construction or demolition shall be protected by sound planking at least two inches thick laid across the opening at levels not more than two stories above and not more than one story below such men, or by other means specified in the rules of the board.” Plaintiff contends that as the Legislature failed to add the "homeowner’s exclusion” to section 241-a when it so amended both sections 241 and 240 in 1980, said exclusion was not intended to apply to section 241-a.
With this the court cannot agree. To argue that the homeowner’s exemption does not apply to stairwell accidents ignores the history and development of the two sections. The courts have of necessity looked to section 241 for guidance when interpreting section 241-a on the issues of which persons may be held liable for a violation and the delegability of the duties imposed, about which section 241-a is and has always been silent (see generally, 2B Warren’s New York Negligence, Contractors, § 6.09 [5] [b]). Therefore, by reference to section 241, the court in Welch v Grant Dev. Co. (120 Misc 2d 493) held that an agent of an owner could be held absolutely liable for a violation of section 241-a (120 Misc 2d 493, 499, supra). And further where the First Department construed the version of section 241 in effect at the time of the accident involved in Haskins v City of New York (28 AD2d 656, 657) to impose absolute liability upon an owner regardless of his lack of control over the work, the court held that section 241-a would be similarly construed: "[SJection 241 does impose a nondelegable duty on owners, making them liable for its violation even though the work is being performed by an independent contractor. * * * The purpose of section 241-a being similar to that of section 241, the sections should be read in pari materia. Therefore, we conclude that section 241-a casts a nondelegable duty upon the city (the owner of the building)”. (See also, Rocha v State of New York, 45 AD2d 633.)
Plaintiff has argued that the Legislature intentionally excepted stairwells and shaftways from the homeowner’s exclusion because of the extreme danger these areas present to workers. While this argument is superficially appealing, it ignores the fact that section 241 (6) is an omnibus provision which covers "all areas” in which construction is being performed. That section 241-a addresses specific construction areas — elevator shaftways, hatchways and stairwells — should *939 therefore logically evince a conclusion that it falls within the purview of section 241, and not the contrary. This is particularly so when subdivision (5) of section 241 is read into the statutory scheme. This latter provision deals with the same subject matter as section 241-a. It governs safety devices to be installed around elevator shafts in addition to the safety measures mandated by section 241-a. As there can be no doubt that the homeowner’s exclusion applies to section 241 (5), plaintiff’s argument that section 241-a stands alone must fall. Rather, the appropriateness of reading the statutes in pari materia is bolstered (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 221; see also, Spinelli v St. John Nepomucene R. C. Church, 140 AD2d 427).
Accordingly, the court holds that the exclusion afforded one- and two-family homeowners who do not direct or control the work applies to cases governed by section 241-a. To hold otherwise would be to thwart the otherwise clear intent of the Legislature that such owners be exempt from absolute liability for construction accidents: "[T]he theory of dominance of the owner over the subcontractor or worker [which is held to justify the imposition of absolute liability upon an owner] breaks down at this level. * * * It is unrealistic to expect such an owner to realize, understand and insure against the responsibility sections 240 and 241 now place upon him. He ought to be secure in the thought that since he has nothing to do with the job, he cannot be held strictly liable.” (Rep to Law Revision Commn, 1980 NY Legis Doc No. 65, at 1568.) These considerations which led to the 1980 amendment of sections 240 and 241 must naturally apply as well to section 241-a.
Plaintiff has argued alternatively, however, that defendant acted as general contractor for the construction of his home, and that as such, the homeowner’s exemption does not apply to him. But while it appears that defendant did hire contractors in addition to third-party defendant to complete different aspects of the work, the court again cannot agree with plaintiff’s interpretation of the statute. The statute expressly exempts owners "who contract for but do not direct or control the work”. (Labor Law §241.) The language used is plain and unambiguous and accordingly the court will not interpret it to require that an owner contract with only one contractor per project in order to fall within the exemption (see, Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557). The very purpose of the statutory exemption, to wit, to protect homeowners who do not direct or *940 control the work, would be defeated if the statute were construed to require him or her to hire a general contractor in order to avoid absolute liability (Schwartz v Foley, 142 AD2d 635, 637).
The key then remains whether at bar defendant directed or controlled the work of those he hired. Defendant, on the record before the court, has demonstrated by evidence in admissible form that he did not direct or control the work and therefore that he is entitled to judgment as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557). It therefore became incumbent upon plaintiff, in order to avoid a summary judgment against him, to demonstrate by evidence in admissible form the existence of a genuine issue of fact on that issue (see, Zuckerman v City of New York, supra).
Plaintiff has failed in his burden. The evidence shows that defendant merely furnished third-party defendant with a set of blueprints. Although he visited the site frequently to view the progress being made, defendant "did not in any way supervise the method and manner of [third-party defendant’s] work” nor exercise "control over [the] work * * * [which was] different [from] the type of control any homeowner has over work being done in his or her home” (Schwartz v Foley, 142 AD2d, supra, at 636). In the absence of evidence that defendant supervised the method or manner of third-party defendant’s work, defendant cannot be held absolutely liable (Schwartz v Foley, supra; Balduzzi v West, 141 Misc 2d 944; see also, Duda v Rouse Constr. Corp., 32 NY2d 405).
Accordingly, the motion for summary judgment is granted and the complaint dismissed.