■ PATRICK J. ENNIS et al., Appellants, v LINDA HAYES et al., Respondents and Third-Party Plaintiffs, et al., Third-Party Defendant.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiffs seek to recover damages for injuries suffered by Patrick Ennis in a fall from a roof. Ennis was working on the garage roof of a single-family residence being built for defendant Brian Hayes, when he fell as he stepped onto a ladder that gave way. In their complaint, plaintiffs assert causes of action for common-law negligence and violations of sections 200, 240 and 241 of the Labor Law. Defendants moved to vacate a trial note of issue and for summary judgment, claiming that Linda Hayes was not an owner of the property on the date of the accident; that the property consisted of a single-family residence and as such its owner, Brian Hayes, was exempt from liability under sections 240 and 241 of the Labor Law; and that Hayes was not negligent in failing to provide a safe place to work. Plaintiffs appeal from the portion of the order granting summary judgment in favor of defendants.

We affirm the summary dismissal of all claims against Linda Hayes. The uncontroverted evidence indicates that she did not become owner of the subject property until some five months after the accident. We conclude, however, that factual

issues existed on the causes of action asserted against Brian Hayes.

Owners of one- and two-family dwellings who contract for but do not direct or control construction, excavation and alteration work on their homes are excluded from liability under sections 240 and 241 of the Labor Law. "The purpose of this statutory exemption, which was added in 1980, was to remove 'the burden of strict liability from such owners when they have nothing whatsoever to do with the carrying out of the work' (1980 NY Legis Ann, at 266)" *(Rimoldi v Schanzer,* 147 AD2d 541, 545). Whether an owner's conduct amounts to directing or controlling the work depends upon the degree of supervision exercised over the method and manner in which the work is performed. In the subject case, Hayes had an architect prepare blueprints for the design and construction of the residence and he then contracted with several entities for excavation, foundation, plumbing, electrical, septic system, rough flooring and framing work. He scheduled when each contractor would work, was on site most of the time (including the day of the accident), frequently took photographs of the progress of the work, and would point out mistakes and request correction. With specific reference to the company that employed Ennis, Hayes supplied their materials and some equipment. There is a factual issue whether Hayes supplied the subject ladder. Hayes also instructed Ennis to use more than the usual number of nails. In addition, Hayes performed several of the construction tasks, including backfilling, installing drains and footers, landscaping, siding, roofing, finished flooring and cabinet work. Under the circumstances, we conclude that plaintiffs presented facts adequate to raise an issue concerning direction and control over the work *(Rimoldi v Schanzer, supra).*

At an examination before trial, Ennis testified that the ground where the ladder was placed was rough and frozen. According to Ennis, that area had not been backfilled. Hayes performed the backfilling tasks, scheduled when each of the contractors was to work, and was present on the site when the accident occurred. Thus we conclude that a factual issue is raised as to negligence and the alleged failure to provide a safe place to work. Accordingly, we modify the order to deny the application of Brian Hayes for summary judgment. (Appeal from order of Supreme Court, Onondaga County, Hayes, J.—summary judgment.) Present—Dillon, P. J., Doerr, Boomer, Balio and Davis, JJ.

■ DEBRA STILES, Individually and as Parent and Natural