■ DAVID A. EDWARDS, Respondent, v RICHARD ACKERMAN et al., Appellants. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, the defendants Richard Ackerman, Irene Ackerman and Milton Ackerman appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated October 17, 1988, as denied their cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the complaint is dismissed.

Richard and Irene Ackerman are the sole owners of a one-family residential dwelling known as 140 Elm Drive, East Hills, New York. Milton Ackerman is Richard Ackerman's father and resides elsewhere. On February 8, 1985, Richard Ackerman contracted with Steve Widom Woodworking, the third-party defendant, for extensive renovations. Widom subsequently hired the plaintiff, David A. Edwards, who assisted in the work. On October 7, 1985, the plaintiff was injured while operating a miter saw which he admitted was supplied by Widom's foreman and which was missing a safety shield. The plaintiff also acknowledged that the Ackermans never

told him how to perform the work. Steven Widom, sole owner of Steve Widom Woodworking, confirmed that his employees did not have the authority to deviate from his work orders without permission, and that, although Richard and Irene Ackerman visited the site "pretty regularly", he never overheard them tell anyone where to work or what equipment to use.

Milton Ackerman, Richard Ackerman's father, is not the owner of this single-family dwelling. As there is nothing within the record indicating how he breached any duty owing to the plaintiff, summary judgment clearly should have been granted dismissing the complaint insofar as it is asserted against him. Further, summary judgment should have been granted to Richard and Irene Ackerman as there existed no triable issues of fact as to them.

Labor Law §§ 240 and 241 explicitly provide an exception to the imposition of liability pursuant to those provisions on owners of one- and two-family dwellings who do not direct or control the manner of demolition, construction or renovation work. An examination of the memorandum of the Law Revision Commission to the 1980 Legislature reveals that the exception was added because the Legislature felt that it was needed for "the owner of a one or two family dwelling [who is not in a position] to realize, understand and insure against" such liability (1980 NY Legis Ann, at 266, 267).

In the instant case, all the evidence adduced shows that the plaintiff's injury was caused by the absence of the safety feature on the saw. Richard and Irene Ackerman, as owners of the one-family residential property, cannot be held responsible for the injuries sustained by a defect in the contractor's tools *(see, Persichilli v Triborough Bridge & Tunnel Auth.,* 16 NY2d 136). Although Richard Ackerman had requested that no work be performed on the front stoop, we do not find that this single request constituted sufficient "direction" or "control" for the imposition of liability under Labor Law §§ 240 or 241. Thus, summary judgment dismissing the complaint is granted *(see, Schwartz v Foley,* 142 AD2d 635). Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.