■ DAVID DANISH, Respondent, v MICHAEL KENNEDY et al., Defendants and Third-Party Plaintiffs-Appellants. CORINA & HEBERT CONTRACTING COMPANY et al., Third-Party Defendants-Appellants.—Harvey, J. Appeal from an order of the Supreme Court (McDermott, J.), entered January 30, 1990 in Albany County, which denied motions by defendants and third-party defendants for summary judgment dismissing the complaint.

This suit arises from injuries sustained by plaintiff, an employee of third-party defendants, when the "pump jack" scaffolding upon which he was working collapsed causing

plaintiff to fall to the ground. At the time of the accident, plaintiff and other workers were in the process of attaching felt paper to the side of the building. Defendants are the owners of the one-family residence where the accident took place. Third-party defendants were engaged to rebuild defendants' home, which had been damaged by a fire. Following commencement of this action alleging negligence and Labor Law violations, defendants and third-party defendants moved for summary judgment seeking dismissal of the complaint and the third-party complaint. Upon denial of these motions by Supreme Court, the aggrieved parties appealed.

We reverse. As noted by defendants, "Labor Law §§ 240 and 241 explicitly provide an exception to the imposition of [absolute] liability pursuant to those provisions on owners of one- and two-family dwellings who do not direct or control the manner of * * * construction or renovation" *(Edwards v Ackerman,* 157 AD2d 770, 771). Plaintiff asserts, however, that summary judgment was properly denied in this case because questions of fact allegedly exist as to how much direction and control defendants actually exercised over the work in progress *(see, e.g., Ennis v Hayes,* 152 AD2d 914). We cannot agree with this assertion.

While the record indicates that defendant Michael Kennedy periodically came by the house and offered "suggestions and ideas" as to how he wanted the house constructed, this is hardly the sort of "direction" or "control" contemplated by Labor Law § 240 or 241 *(see, Edwards v Ackerman, supra).* For instance, plaintiff stated that at one time Kennedy suggested that four blocks to support a wall partition would be better than three and this suggestion was taken. This kind of concern from a homeowner interested in the successful completion of his home is hardly uncommon and should not result in the imposition of Labor Law liability *(see, Sotire v Buchanan,* 150 AD2d 971, 972). It is undisputed that Kennedy was not present at the site on the day of the accident and did not supply the scaffolding or direct the workers in its use *(see, supra; see also, Edwards v Ackerman, supra,* at 771).

Accordingly, since nothing plaintiff has argued convinces us that defendants are not exempted from liability pursuant to the Labor Law as a matter of law, summary judgment was improperly denied as to those issues. Regarding plaintiff's cause of action alleging common-law negligence, we are also of the view that no questions of fact have been presented. Plaintiff has failed to establish a knowledge on the part of defendants, actual or constructive, that an unsafe condition

existed *(see, Sotire v Buchanan, supra,* at 971). Consequently, Supreme Court erred in not granting summary judgment to defendants and third-party defendants and dismissing the respective complaints.

Order reversed, on the law, with costs, motions for summary judgment granted and complaint and third-party complaint dismissed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.