■ ANGELO MONACO et al., Appellants, v RAYMOND CRAMER et al., Respondents.—Mikoll, J. Appeals (transferred to this court by order of the Appellate Division, Second Department) (1) from an order of the Supreme Court (Hickman, J.), entered December 20, 1989 in Orange County, which, *inter alia,* granted defendants' cross motion to dismiss the second cause of action of the amended complaint for failure to state a cause of action, and (2) from an order of said court, entered February 14, 1990 in Orange County, which, upon reargument, adhered to its prior decision.

At issue on these appeals is whether Supreme Court properly dismissed, for failure to state a cause of action, the second cause of action in plaintiffs' amended complaint alleging a violation of Labor Law § 240. The recent Court of Appeals decision in *Cannon v Putnam* (76 NY2d 644) compels an affirmance.

The pertinent facts are as follows. Defendants hired plaintiff Angelo Monaco (hereinafter plaintiff) to adjust and/or repair a television antenna located on a pole on their property in Orange County. The pole was located about 75 to 100 feet from defendants' house and was atop a wood frame tower 18 to 20 feet high. Plaintiff was standing on an extension ladder making adjustments to the antenna when the ladder moved and he fell to the ground.

Plaintiff and his wife thereafter commenced this litigation against defendants to recover damages for plaintiff's injuries.

Defendants moved to dismiss the second cause of action alleging violation of Labor Law § 240 on the ground that it failed to state a cause of action because owners of one or two-family homes who contract for, but do not control, work on their premises are exempted from liability under that statute. The motion was granted and plaintiffs moved for reargument. Supreme Court granted reargument but adhered to its prior decision. These appeals ensued.

In *Cannon v Putnam (supra)*, the defendant homeowner hired an individual to install a free-standing floodlight in his yard. This individual engaged the plaintiff to assist him. The plaintiff was subsequently injured when a suspended portion of the light fell on him. The Court of Appeals upheld the dismissal of the complaint insofar as it asserted claims against the defendant for violation of Labor Law § 240 (1) and § 241.

In the case at bar, there is no evidence that there was any purpose for the antenna other than the personal use by defendants at their residence, thereby satisfying the "dwelling" requirement of Labor Law § 240. The mere fact that defendant Jean Cramer relayed information concerning the quality of the picture received during the work did not amount to an exercise of direction and/or control over the work which would bring it within the contemplation of Labor Law § 240 *(see, Reyes v Silfies,* 168 AD2d 979; *see also, Danish v Kennedy,* 168 AD2d 768).

Orders affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.