■ George Sarvis et al., Appellants, v Anthony P. Maida et al., Respondents, et al., Defendants.—Casey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Peter Patsolos, J.), entered March 30, 1990 in Orange County, which, *inter alia,* granted a motion by defendants Anthony P. Maida and Carol L. Maida for summary judgment dismissing the complaint against them.

Plaintiff George Sarvis (hereinafter plaintiff) alleges that he was injured when he fell while performing drywall finishing work in an addition to a home owned by defendant Anthony P. Maida (hereinafter Maida). The addition was part of a conversion of the one-family dwelling into a two-family dwelling. Maida performed part of the work on the addition himself, including the framing and the cutting of an opening in the subfloor for a stairwell. Maida entered into a contract with defendant Jeffrey Hurst, doing business as Precision Interiors, for insulating, sheetrocking and finishing work on the addition. Pursuant to the contract, all materials and labor were to be supplied by Precision Interiors.

Hurst subcontracted with John Wemsley to install the insulation and sheetrock. According to Hurst, Wemsley nailed a sheet of plywood over the stairwell opening before beginning his work. Hurst subcontracted with plaintiff to do the drywall

finishing on the second floor of the addition. Scaffolding at the worksite was provided by Hurst.

According to plaintiff, the stairwell opening had joists running the length of it, but no covering. Plaintiff's injuries allegedly occurred when he lost his balance while working on a wall next to the opening and fell onto the joists in the opening. Plaintiff seeks damages for his injuries from Maida and Hurst, alleging violations of Labor Law §§ 200, 240 and 241. Supreme Court granted the motion by Maida and his wife, defendant Carol L. Maida, for summary judgment dismissing the complaint against them, resulting in this appeal.

As to Maida's liability under Labor Law §§ 240 and 241, those statutes specifically provide that the nondelegable duty created therein does not apply to the owners of one and two-family dwellings who do not direct or control the work *(Danish v Kennedy,* 168 AD2d 768). Plaintiff contends that a question of fact exists as to Maida's direction and control of the work because Maida effectively acted as his own general contractor in the construction of the addition, performing much of the work himself and contracting with others, including Hurst, for the remainder of the work. We conclude that Supreme Court properly placed the analytical focus on the particular aspect of the work out of which the injury arose— in this case the drywall finishing which was included in the contract between Maida and Hurst *(cf., Cannon v Putnam,* 76 NY2d 644). This conclusion is consistent with the legislative intent of the exceptions for one and two-family dwelling owners, since a homeowner who has the ability to perform some of the work himself is no more likely to realize, understand or insure against the responsibilities imposed by Labor Law §§ 240 and 241 than is a less handy homeowner who must contract for all of the work *(see, supra,* at 650-651).

In the case relied upon by plaintiff, *Ennis v Hayes* (152 AD2d 914), the homeowner not only performed some of the work himself, he also scheduled when each contractor would work, was on the site most of the time, pointed out mistakes and requested correction, provided materials and some equipment to the contractor who employed the injured plaintiff, and gave specific instructions to the injured plaintiff regarding the manner or method of his work. In the case at bar, Hurst assumed the obligations of providing all materials and labor for the work covered by the contract, including the drywall finishing. There is no evidence in the record that Maida supervised, directed or controlled Hurst or plaintiff in the method or manner of their work. At his examination before

trial, Maida testified that he was not present at the worksite when plaintiff was working, although he was aware that the work was being done because he inspected the job when he came home from work each day. In these circumstances, the exception to the homeowner's provision in Labor Law §§ 240 and 241 is inapplicable as a matter of law *(see, Danish v Kennedy, supra; Sotire v Buchanan,* 150 AD2d 971; *compare, Rimoldi v Schanzer,* 147 AD2d 541, *with Schwartz v Foley,* 142 AD2d 635, *lv denied* 73 NY2d 702).

As to plaintiff's claim against Maida based upon Labor Law § 200, that statute codifies the common-law duty of owners and contractors to furnish a safe place to work. The unsafe working condition at issue herein was not created merely by the existence of the stairway opening which, according to evidence in the record, is a common occurrence at the stage of the construction involving plaintiff's work. Rather, the unsafe condition was created when plaintiff elected to perform his work by standing on a narrow ledge without covering the opening or taking any other precautionary measure. Since the unsafe condition was created by the manner in which the work was being performed, there can be no liability on the owner under Labor Law § 200 in the absence of supervision and control over the activity producing the injury *(see, Russin v Picciano & Son,* 54 NY2d 311, 317; *Rapp v Zandri Constr. Corp.,* 165 AD2d 639). In any event, assuming that the opening was uncovered, as plaintiff alleges, it presented an obvious danger to plaintiff as he worked on adjacent walls, and the Court of Appeals has said that Labor Law § 200 does not require "an owner 'to secure the safety of his servant against a condition, or even defects, risks or dangers that may be readily observed by the reasonable use of the senses, having in view the age, intelligence and experience of the servant' " *(Gasper v Ford Motor Co.,* 13 NY2d 104, 110, *amended* 13 NY2d 893, quoting *McLean v Studebaker Bros. Co.,* 221 NY 475, 478).

For these reasons, we conclude that as a matter of law Maida breached no duty owed to plaintiff and, therefore, Supreme Court correctly granted the motion by Maida and his wife for summary judgment dismissing the complaint against them.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.