◼ NICHOLAS SANNA et al., Respondents-Appellants, v JEFF POTTER et al., Defendants, and THOMAS SCEHOVIC et al., Appellants-Respondents.—Mercure, J.

Defendants Thomas Scehovic and Janet Scehovic (hereinafter collectively referred to as defendants) hired a contractor to construct a single-family dwelling on a lot which they owned in the Town of Bolton, Warren County. Prior to completion of the project, the initial contractor discontinued his work and defendants thereafter hired defendant Jeff Potter to finish the home. After purchasing and arranging for delivery of the necessary materials, Potter subcontracted with plaintiff Nicholas Sanna for the application of wood siding on the building. Sanna, in turn, hired plaintiff Patrick Brady to assist him. Plaintiffs were injured in a fall sustained as the result of the collapse of a "pump-jack" type scaffold which they had constructed on the site, and plaintiffs commenced this action against, among others, defendants alleging violations of Labor Law §§ 240 and 241 (6) and common-law negligence. Following joinder of issue and discovery, defendants and plaintiffs moved for summary judgment. Supreme Court denied both motions, and defendants and plaintiffs cross-appeal.

In our view, Supreme Court should have granted defendants' motion and dismissed the complaint against them. Deposition testimony of plaintiffs and defendants established that defendants were the owners of a single-family residence who did not direct or control the work, that they did not supply the scaffolding or direct plaintiffs in its use, and that they had no actual or constructive knowledge of the allegedly

dangerous condition which caused the accident. Accordingly, there is no basis for liability under Labor Law §§ 240 or 241 (6) or in common-law negligence (see, Devodier v Haas, 173 AD2d 437; Danish v Kennedy, 168 AD2d 768; Sotire v Buchanan, 150 AD2d 971; Schwartz v Foley, 142 AD2d 635, lv denied 73 NY2d 702). Defendants' conduct in showing plaintiffs where the siding material and nails had been stored and identifying the material which had been painted with a weatherproofing sealant; in asking plaintiffs to first apply siding to the front of the house, in case there was not enough to finish the job, and to temporarily move the scaffolding to permit a load of fill to be dumped and spread; in requesting that additional work involving a roof overhang and garage door be performed; and in making decisions in matters involving size, style and aesthetics is "hardly the sort of 'direction' or 'control' contemplated by Labor Law § 240 or 241" (Danish v Kennedy, supra, at 769; see, Sotire v Buchanan, supra, at 972; Schwartz v Foley, supra, at 636). Rather, these actions reflect the kind of concern to be expected of any homeowners interested in successful completion of their home (see, supra).

The current claim that Janet Scehovic directed Sanna to use specified boards to extend the scaffolding and that one of those boards failed directly contradicts Sanna's own deposition testimony (see, Dano v Royal Globe Ins. Co., 89 AD2d 817, 818, affd 59 NY2d 827) and is outside the scope of plaintiffs' bill of particulars (see, Vine v Manville Sales Corp., 175 AD2d 380). Moreover, in the absence of expert opinion, there is no competent evidence in the record that any materials supplied by defendants caused or contributed to plaintiffs' accident (see, Dougherty v Milliken, 163 NY 527). Finally, the allegations contained in plaintiffs' affidavits in opposition to defendants' motion and in support of their cross motion concerning the scope of defendants' direction and control are wholly conclusory and constitute nothing more than a self-serving, and inaccurate, characterization of the deposition testimony (see, Namad v Salomon Inc., 74 NY2d 751, 753).

We have considered plaintiffs' remaining contentions and find them to be without merit.

Weiss, Levine, Mahoney and Harvey, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants Thomas Scehovic and Janet Scehovic, by reversing so much thereof as denied said defendants' motion; motion granted, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed.