mary Judgment.) Present—Denman, P. J., Boomer, Green, Balio and Doerr, JJ.

■ LARRY J. CLAYSON, Respondent, v DAVID OLDFIELD, Appellant, et al., Defendant. (Appeal No. 1.)—Order unanimously reversed on the law without costs, motion granted and complaint against defendant Oldfield dismissed. Memorandum: After soliciting bids for the renovation of his single-family residence, defendant Oldfield hired defendant Morsch to perform the renovations, except for plumbing, heating and electrical work, for which Oldfield hired Paul Sick, doing business as Valley Heating & Cooling (Valley Heating). During the course of the renovations, plaintiff, an employee of Valley Heating, was injured when he stepped on a nail protruding from a board that was lying on the floor. Plaintiff sued Oldfield and Morsch, basing liability on theories of common-law negligence and violation of Labor Law §§ 200 and 241. Defendants instituted third-party actions against Valley Heating and William Molyneux, who was hired by Morsch to perform carpentry work, seeking apportionment, contribution and indemnity.

Supreme Court erred in denying Oldfield's motion for summary judgment dismissing the complaint. Labor Law § 241 exempts "owners * * * of one and two-family dwellings who contract for but do not direct or control the work" from liability for a violation of that section *(Ennis v Hayes,* 152 AD2d 914, 915). "Whether an owner's conduct amounts to directing or controlling the work depends upon the degree of supervision exercised over the method and manner in which the work is performed" *(supra,* at 915; *see also, Edwards v Ackerman,* 157 AD2d 770; *Balduzzi v West,* 141 Misc 2d 944, 947, *affd* 144 AD2d 1036, *lv dismissed* 74 NY2d 650, *lv denied* 76 NY2d 711). The record, viewed in the light most favorable to plaintiff, reveals that Oldfield visited the site almost daily, frequently had lunch with Morsch and other contractors, and prepared rough sketches indicating what he wanted the house to look like. None of these activities, however, suggests that Oldfield supervised the method and manner in which the work was performed *(see, Edwards v Ackerman, supra; Sotire v Buchanan,* 150 AD2d 971; *Sheridan v Asher,* 143 Misc 2d 936), and the evidence unequivocally shows that Oldfield did not direct any of the contractors or workers on the method or manner in which they should perform their tasks.

An owner who lacks actual or constructive notice of an unsafe condition and who does not direct or control the work

being performed is not liable in damages for common-law negligence or violation of Labor Law § 200 *(see, Sotire v Buchanan, supra; Santamaria v RRI Realty Corp.,* 149 AD2d 680; *DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, 72, *lv dismissed* 60 NY2d 554, 701). There is no evidence sufficient to raise a triable issue of fact that defendant Oldfield had actual or constructive notice of the presence of debris in the room where plaintiff was injured. Accordingly, defendant Oldfield was entitled to summary judgment dismissing the complaint in its entirety.

In our view, however, factual issues exist concerning the identity of the worker who left the board with the protruding nail on the floor of the residence and who had the responsibility to remove debris from the house each day. There is evidence which, if accepted by the jury, would support an inference that either Valley Heating or Molyneux was responsible. We also note that the court erred by concluding that, because plaintiff was an employee of Valley Heating and could not recover from his employer, Valley Heating could not be held liable to Oldfield or Morsch for contribution *(see, Garrett v Holiday Inns,* 58 NY2d 253, 259). (Appeal from Order of Supreme Court, Steuben County, Scudder, J.—Summary Judgment.) Present—Denman, P. J., Boomer, Green, Balio and Doerr, JJ.