■ BARRY CHURA, Respondent, v PETER BARUZZI, Appellant. (And a Third-Party Action.) [596 NYS2d 592] —Mahoney, J. Appeals from two orders of the Supreme Court (Plumadore, J.), entered April 3, 1992 and June 23, 1992 in Saratoga County, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint.

This action asserts claims based upon Labor Law § 240 (1) and common-law negligence arising out of injuries sustained by plaintiff, an employee of third-party defendant R & J Robichaud Drywall Corporation (hereinafter R & J), when he fell from a ladder while taping drywall in a dwelling owned by defendant which was undergoing extensive renovation at the time. Following joinder of issue and the conducting of depositions, defendant moved for summary judgment on both claims asserting principally that he was immune from liability because he did not direct or control the work. Plaintiff cross-moved for the same relief. Supreme Court initially denied defendant's motion on the common-law negligence claim, but withheld decision on the Labor Law § 240 claim pending the submission of further evidence regarding defendant's direction and control. Following receipt of the additional evidence, the court concluded that defendant's activities raised factual questions regarding his direction and control over the work and denied defendant's summary judgment motion on the Labor Law § 240 claim as well. Defendant appeals from both orders.

We affirm. In analyzing whether a homeowner's actions with respect to a particular construction or renovation project amount to direction and control thereof within the meaning of Labor Law § 240 (1), the relevant inquiry is the degree to which he or she supervised or directed the method and manner of the work *(see, e.g., Valentia v Giusto,* 182 AD2d 987; *Reyes v Silfies,* 168 AD2d 979; *Ennis v Hayes,* 152 AD2d 914). Here, there can be no argument but that defendant's actions went well beyond those of an interested homeowner who simply presented ideas and suggestions, made observations and inquiries, and inspected the work *(see, Stephens v Tucker,* 184 AD2d 828). Rather, the record reveals that defendant engineered the entire renovation project acting, in effect, as

his own general contractor, receiving bids, negotiating contracts and hiring specialty subcontractors as needed for certain jobs. More significantly, however, during the renovation defendant was at the jobsite daily, not only doing work on his own but also overseeing the project in its entirety, organizing the subcontractors and telling them where to work. More particularly, defendant told plaintiff which rooms to tape first, directed him to tape, sand and finish drywall that defendant and others not affiliated with R & J had installed, and on several occasions directed plaintiff to alter his method of taping and to "flat tape" certain areas. In addition, defendant routinely instructed plaintiff and others working at the site to assist him in moving supplies and materials and in unloading deliveries. Finally, while it is unclear whether defendant actually supplied the ladder from which plaintiff fell, it is evident that he did move and reposition ladders frequently to facilitate completion of the job by the subcontractors. In view of this, we, like Supreme Court, perceive numerous factual issues regarding defendant's direction and control which militate against summary judgment *(see, Emmi v Emmi,* 186 AD2d 1025; *Ennis v Hayes, supra; Rimoldi v Schanzer,* 147 AD2d 541).

We likewise see no error in Supreme Court's denial of defendant's summary judgment motion on the common-law negligence claim. A review of the record which establishes defendant's continuous presence at the jobsite and his active involvement in moving and repositioning ladders, among other things, is sufficient to raise factual issues as to his actual or constructive notice of the existence of a dangerous condition at the location.

Weiss, P. J., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the orders are affirmed, without costs.