■ Edwin Young et al., Respondents, v Thomas Krawczyk et al., Appellants, et al., Defendant. [636 NYS2d 897] — Yesawich Jr., J. Appeal from an order of the Supreme Court (Connor, J.), entered January 24, 1995 in Greene County, which, inter alia, granted plaintiffs' motion for partial summary judgment on the issue of liability.

Plaintiffs Edwin Young and Glenn Young (father and son) were injured while performing sheetrocking work at a partially constructed residence, owned by defendants Thomas Krawczyk and Denise Krawczyk (hereinafter collectively referred to as defendants), in the Town of Athens, Greene County. The accident occurred when a makeshift platform that the Youngs had constructed (upon which they were standing to install sheetrock on the cathedral ceiling over the second floor) collapsed, and they fell through an open stairwell. The Youngs, and Edwin Young's wife, derivatively, then commenced this lawsuit against defendants and defendant Ronald F. Milonovich, one of the other contractors working on the job, alleging, inter alia, violations of Labor Law § 240 (1) and § 241-a. After depositions were taken, plaintiffs moved, and defendants crossmoved, for partial summary judgment on the question of liability under Labor Law § 240 (1) and § 241-a. Plaintiffs' mo-

tion was granted and defendants' cross motion was denied, prompting this appeal.

Supreme Court found, as a matter of law, that defendants' control over the construction of their house was such that they are not entitled to the exception from liability accorded "owners of one and two-family dwellings who contract for but do not direct or control the work" (Labor Law § 240 [1]; *see, Khela v Neiger*, 85 NY2d 333, 336). Defendants argue that although they made aesthetic decisions and performed some of the work involved in erecting their new home, they did not direct or supervise the Youngs with respect to the sheetrock work and, accordingly, that they are relieved from the strict liability imposed by the cited Labor Law provisions.

It is, as defendants note, the degree to which they controlled the actual sheetrock work, not their participation in other aspects of the construction, that is most significant in determining whether the statutory exception applies (*see, Sarvis v Maida*, 173 AD2d 1019, 1020). The pertinent inquiry is whether, and to what extent, the owner supervises the "method and manner" of the work being performed by the injured party (*Lane v Karian*, 210 AD2d 549; *see, Rimoldi v Schanzer*, 147 AD2d 541, 545)—here, the installation of sheetrock, taping, beading, spackling and sanding.

This record contains sharply conflicting testimony regarding the measure of Thomas Krawczyk's supervision of that process. For example, Krawczyk avers that he never gave any directions, or even had conversations with the Youngs, respecting the desired manner of sheetrocking an archway and several skylights, while the Youngs claim that he did do so, at least to the point of selecting from among several different ways of finishing those areas (*cf., Rimoldi v Schanzer, supra*, at 545). In addition, Krawczyk apparently made several other decisions about the work, requesting that moisture resistant sheetrock be used in the bathrooms and that the kitchen be completed before the remainder of the job. Alone, input of this latter type is insufficient to impose liability because it is akin to the scheduling and quality decisions ordinarily made by homeowners, which does not equate to the sort of direction and control contemplated by these provisions of the Labor Law (*see, Kostyj v Babiarz*, 212 AD2d 1010, 1011; *Sanna v Potter*, 179 AD2d 982, 983, *lv denied* 80 NY2d 758); nevertheless, as part of an overall pattern of interaction between Krawczyk and the various workers engaged to build this house, it cannot be entirely discounted (*see, Chura v Baruzzi*, 192 AD2d 918, 918-919; *Ennis v Hayes*, 152 AD2d 914, 915). Hence, summary judg-

ment should not have been granted to either party, at least on the issue of Thomas Krawczyk's liability. Plaintiffs have, however, acknowledged that Denise Krawczyk did not direct or control the work, and there is no record evidence to the contrary; accordingly, the complaint as against her should have been dismissed.

As for the other issues raised by defendants as alternative grounds for denying plaintiffs' motion, they too involve disputed factual issues which cannot be resolved at this juncture.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion and denied defendant Denise Krawczyk's cross motion; motion denied, cross motion granted regarding said defendant, summary judgment awarded to her and complaint dismissed against her; and, as so modified, affirmed.