■ DENNIS MERKLE et al., Appellants, v EDWIN J. WEIBRECHT et al., Respondents. (And a Third-Party Action.) [650 NYS2d 471] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered July 28, 1995 in Franklin County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint.

The events giving rise to this action occurred in July 1988, when plaintiff Dennis Merkle (hereinafter plaintiff), who at the time was an employee of third-party defendant, Scheefer Plumbing and Heating (hereinafter Scheefer), was struck on the head by a heavy steel access door while emerging from an underground sewer lift station located on the premises of the Mirror Lake Inn in the Village of Lake Placid, Essex County. Plaintiff had been working elsewhere at the Inn (which is owned by defendant Edwin J. Weibrecht), on an ongoing renovation project, when he responded to an alarm signaling a possible malfunction of the lift station apparatus. Plaintiff avers that he asked Paul Papineau—an employee of defendant Cold Lakes Contracting Corporation and self-described "clerk of the works" for the project—for the use of a backhoe to remove the access door, which rested flush with the ground, but that his request was refused. Papineau denies having been approached by plaintiff. In any event, plaintiff and Jack Clune, an employee of defendant Harold R. Clune, Inc., the electrical subcontractor, eventually gained entry to the lift station by propping the door up with a metal pry bar. This bar apparently gave way as plaintiff was exiting the lift station, causing the door (which weighed more than 300 pounds) to fall, pinning his head to the ground.

Plaintiff and his wife, derivatively, commenced this action to recover for plaintiff's injuries, charging defendants with having violated Labor Law §§ 200, 240 (1) and § 241 (6). After issue was joined and depositions conducted, Weibrecht and Cold Lakes moved for summary judgment dismissing the complaint against them (Harold R. Clune, Inc. subsequently cross-moved for similar relief), and plaintiffs cross-moved for judgment on the issue of liability. Supreme Court granted defendants' motions, denied plaintiffs' cross motion and also dismissed Weibrecht's third-party indemnification claim against Scheefer. Plaintiffs appeal.

We affirm. Even assuming, arguendo, that the work plaintiff was performing when the accident occurred—diagnosing, with the intent of remedying, a problem that was ultimately determined to have resulted from a stone jamming the sewage pump—constituted "repair", rather than merely "maintenance" (*see, e.g., Smith v Shell Oil Co.*, 85 NY2d 1000, 1002; *Izrailev v Ficarra Furniture*, 70 NY2d 813, 815; *Rennoldson v Volpe Realty Corp.*, 216 AD2d 912, *lv dismissed* 86 NY2d 837; *Manente v Ropost, Inc.*, 136 AD2d 681, 682), the Labor Law § 240 (1) claims were nevertheless rightly dismissed, for the risk of becoming pinned at ground level by a sewer access door that was faultily supported is not the type of extraordinary, elevation-related risk contemplated by that statute (*see, Rodriguez v Tietz Ctr.*, 84 NY2d 841, 843-844; *see also, Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 514-515). The circumstances here are analogous to those presented in *Misseritti v Mark IV Constr. Co.* (86 NY2d 487), where the collapse of an improperly braced fire wall was found to be a hazard outside the scope of protection afforded by Labor Law § 240 (1) (*see, supra*, at 491; *see also, Adamczyk v Hillview Estates Dev. Corp.*, 226 AD2d 1049; *Malecki v Wal-Mart Stores*, 222 AD2d 1010, 1011).

The remainder of plaintiffs' claims, alleging violations of Labor Law §§ 200 and 241 (6), were also properly dismissed. The duty to protect prescribed by section 200 does not extend to hazards, such as that at issue here, that are readily apparent, taking into consideration the age, intelligence and experience of the worker (*see, McGrath v Lake Tree Vil. Assocs.*, 216 AD2d 877, 877-878; *Sarvis v Maida*, 173 AD2d 1019, 1021). Moreover, because the dangerous condition that existed was a result of the manner in which plaintiff elected to gain entrance to the lift station, liability cannot be imposed absent a showing, not made here, that defendants or their employees supervised or controlled that aspect of his work (*see, Comes v*

*New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Sarvis v Maida, supra*, at 1021). Even crediting plaintiff's averment that Papineau told him to "[j]ust get down there and do it" (that is, attend to the problem), this does not establish that Papineau exercised any control over plaintiff's subsequent decision to prop the door as he did. Indeed, the record reflects that the only instructions plaintiff received in this regard came from his supervisor, a Scheefer employee, who had explicitly directed him not to "mess with" the access door, even if asked to, and not to respond to lift station alarms.

As for the Labor Law § 241 (6) claims, the activity causing plaintiff's injury plainly does not come within the types of work—construction, demolition or excavation—to which that statutory section applies (*see, Houde v Barton*, 202 AD2d 890, 895, *lv dismissed* 84 NY2d 977).

Cardona, P. J., Mikoll, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.