■ ANDREW DILTZ, Appellant, v KENNETH BOWMAN et al., Respondents. [668 NYS2d 393] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated December 3, 1996, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when he passed out and fell from a ladder while replacing gutters on the defendants' home. He subsequently commenced this action alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6). Contrary to his

contention, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.

The owner of a one or two-family residence is not subject to liability under Labor Law § 240 (1) and § 241 (6) unless he or she directed or controlled the work being performed (*see, Malloy v Hanache*, 231 AD2d 693; *Kelly v Bruno & Son*, 190 AD2d 777). The evidence in this case unequivocally demonstrates that the defendants did not direct or control the repair work and, consequently, they are exempt from liability under Labor Law § 240 (1) and § 241 (6) (*see, Malloy v Hanache, supra*).

When the injuries sustained by a worker result from a dangerous condition at the work site rather than from the manner in which the work is performed, an owner may be liable for a violation of Labor Law § 200 if he or she exercised supervision or control over the work or had actual or constructive notice of the unsafe condition (*see, McGuiness v Contemporary Interiors*, 205 AD2d 739; *Clayson v Oldfield*, 181 AD2d 993). Here, there is no evidence that the defendants supervised the work or had actual or constructive notice of any defective or unsafe condition (*see, Malloy v Hanache, supra*). In fact, there is no evidence of the existence of a defective or unsafe condition. Rosenblatt, J. P., Ritter, Altman and Florio, JJ., concur.