■ NELFI S. CRUZ, Respondent, v PHILIP TOSCANO et al., Appellants. (And a Third-Party Action.) [702 NYS2d 289] —Order, Supreme Court, Bronx County (George Friedman, J.), entered June 30, 1999, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

The IAS Court erred in finding that factual issues existed as to whether defendant Philip Toscano exercised such supervision and control over the renovation work being performed at his home, as would justify his being held liable for personal injuries allegedly sustained by plaintiff under Labor Law § 200. There was no evidence tending to demonstrate that he exercised any supervision and control over plaintiff's use of the table saw to cut the molding. Moreover, the duty to provide a safe workplace is not breached where, as here, plaintiff's alleged injuries arose out of an alleged defect in his employer's tools and methods.

"Section 200 of the Labor Law is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work. An implicit precondition to this duty 'is that the party charged with that responsibility have the authority to control the activity bringing about the injury' " (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877, quoting *Russin v*

*Picciano & Son*, 54 NY2d 311, 317; *see also, Greenfield v New York Tel. Co.*, 260 AD2d 303, 304, *lv denied* 94 NY2d 755). "Where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (*Comes v New York State Elec. & Gas Corp., supra*, at 877).

Plaintiff's reliance on *Ennis v Hayes* (152 AD2d 914), *Chura v Baruzzi* (192 AD2d 918), and other similar cases is misplaced. In *Ennis*, where the plaintiff fell as he stepped onto a ladder that gave way, the court held that factual issues existed as to whether defendant supplied the ladder from which plaintiff fell (152 AD2d, *supra*, at 915). Similarly, in *Chura*, it was "unclear" whether defendant homeowner had supplied the ladder from which plaintiff fell, but evident that he had moved and repositioned ladders frequently (192 AD2d, *supra*, at 919). Here, on the other hand, there is no evidence that defendants had any connection with supplying plaintiff with the saw.

Nor is there evidence that defendants had notice of any allegedly defective condition with respect to the saw. It is well settled that even where an owner or general contractor exercises supervision or control, a plaintiff cannot recover under section 200 if the "notice precondition to any liability is absent" (*Greenfield v New York Tel. Co., supra*, at 304). There is no evidence that plaintiff, or anyone else, notified defendants that the saw was in an allegedly dangerous or defective condition. Nor is there any evidence that defendants had constructive notice.

Additionally, defendants had no duty to warn plaintiff about an alleged defect where plaintiff had used the saw on many occasions in the past and was aware that it had no guard. Indeed, respondent complained about the missing guard to Acosta and Mignone, but continued to use it nonetheless (*see, Isola v JWP Forest Elec. Corp.*, 262 AD2d 95, *lv dismissed* 94 NY2d 797). Concur—Tom, J. P., Wallach, Lerner, Saxe and Buckley, JJ.